IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS RAY SHIPLEY,

    Petitioner,

v.                                          Civil Action No. 2:11cv105
                                          Criminal Action No. 2:09cr4
                                          (Judge Bailey)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On December 27, 2011, the *pro se* Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 68) On March 1, 2012, the undersigned ordered the Respondent to answer the Plaintiff's motion. (Doc. 74). The Order noted that the petition was untimely, but the petitioner appeared to raise an argument for equitable tolling. On May 15, 2012, the Respondent filed an objection to the petitioner's § 2255 motion and memorandum in support. (Doc. 84, 85). On June 1, 2012, by order of the undersigned, the Respondent filed a supplement and addendum to its previous objection to discuss the Petitioner's claim of equitable tolling. (Doc. 88, 89) This case is before the undersigned pursuant to LR PL 2.

### II. FACTUAL BACKGROUND

On January 30, 2009, the Petitioner was arrested and placed into custody by the State of West Virginia. The Petitioner was indicted on federal methamphetamine charges on February

1

19, 2009. On April 30, 2009, the Petitioner plead guilty to the first count of the indictment: Conspiracy to Possess Chemicals and Equipment used to Manufacture Methamphetamine, a violation of 21 U.S.C. §§ 846 and 843(d)(2). On August 14, 2009, the Petitioner was sentenced to sixty-three (63) months of imprisonment, to be followed by three (3) years of supervised release.

On August 25, 2009, the Petitioner appeared and plead guilty to Conspiracy to Commit Forgery in the Circuit Court of Upshur County, West Virginia ("Circuit Court"). On February 2, 2010, the Petitioner was sentenced to 1-5 years of imprisonment. In the Circuit Court's amended plea and sentencing order, the Circuit Court wrote:

> It is further ADJUDGED and ORDERED that the conviction date shall be August 25, 2009, the sentence date shall be August 25, 2009, and the effective date shall be January 31, 2009, thereby awarding credit for 206 days served at Tygart Valley
> Regional Jail on state charges.
>
> It is further ADJUDGED and ORDERED that the sentence on the Defendant's conviction hereinabove imposed shall run *concurrently* with the sentence he is currently serving for his conviction on federal charges in the United States District Court - Northern District of West Virginia. (Emphasis added)
>
> . . . It is further ADJUDGED and ORDERED that the Defendants be and he is remanded to the custody of the Sheriff of Upshur County to return the *Defendant to federal custody* to serve the federal sentence previously imposed upon him. (Emphasis added)

However, following the Circuit Court's sentencing, the Petitioner remained in West Virginia state custody until paroled on July 28, 2010. After parole, he was taken into custody by the Federal Bureau of Prisons ("BOP") and transferred to FCI Elkton on September 9, 2010. In

mid December" 2010, the Petitioner was notified that the Bureau of Prisons was not crediting time spent in West Virginia state custody.[1]

### III. <u>CONTENTIONS OF THE PARTIES</u>

1. The Petitioner's Motion

The Petitioner asserts that the attorney representing the Petitioner on his state charges advised him that the State of West Virginia was willing to run their charges concurrently with any federal sentence and that offer was a binding plea. He continues to claim that his federal attorney advised him to resolve his federal charges before pleading to any state charge. After pleading in federal court, he then pleaded in state court. The Petitioner alleges that he asked the Circuit Court judge about the issue of concurrency and the judge allegedly stated that the Petitioner would go directly to federal prison instead of state prison and the Circuit Court sentence would "be like [the Petitioner] didn't even get the state charge." After sentencing, the Plaintiff claims he unexpectedly was sent to state prison instead of federal prison. However, the Petitioner claims his federal attorney insisted that he was still receiving a concurrent sentence.

On December 12, 2010, five months after being paroled in West Virginia and transferred to federal prison, the Petitioner claims that he was informed by his Unit Team that he would not be credited for time served in state prison. On June 10, 2011, the Petitioner claims he was also informed by the BOP that he would not receive credit for time served in state prison. The Petitioner claims he began to contest this decision via the Administrative Remedy Process until

---
[1] The Petitioner was in federal custody from February 23, 2009 to August 14, 2009. The Petitioner was under West Virginia custody from August 14, 2009 to July 28, 2010. The period the Petitioner spent while in West Virginia custody is the period of time under contention in this matter.

his last appeal was denied by the BOP's Central Office on July 21, 2011. The Petitioner argues that the Circuit Court's intent was for the state and federal sentences to run concurrently, however, the Petitioner asserts that the BOP insists that they are not bound by the state Circuit Court. Because the state and federal sentences were supposed to be concurrent, the Petitioner argues that his federal sentence is eighteen and a half (18 ½) months beyond what he expected when originally encouraged by his attorney to plead guilty.

Furthermore, the Petitioner argues that this § 2255 motion should be granted because:

(1) His guilty plea in federal court was induced by the assurances of his federal attorney that the Petitioner would receive credit toward the service of his federal sentence from the date of his federal sentence onward.

(2) The standard one-year limitation period against filing habeas corpus claims does not control in this case because equitable tolling applies.

(3) The failure of the BOP to honor the Circuit Court's sentence recommendation that his federal and state sentence should run concurrently is a violation of the his Due Process rights.

(4) The judgment of the West Virginia Circuit Court should be entitled to the full faith and credit by this court

(5) He was provided ineffective assistance when he was encouraged to plead to a federal charge under the false assumption that the state and federal sentences would run concurrently.

For relief, the Petitioner requests that the judgment in this case be vacated. Further, the Petitioner requests that the Court enter a new judgment, awarding time served in state prison by ordering a *nunc pro tunc* designation or reducing his federal sentence.

2. <u>The Government's Response (including Supplement/Addendum material) to the Petitioner's Motion</u>

The Respondent objects to the Defendant's § 2255 motion and argues that the petition should be denied without the benefit of a hearing because:

(1) Although the state court did order the sentences to run concurrently, the BOP correctly did not honor the state court order pursuant to 18 U.S.C. § 3584(b).

(2) The Petitioner alleges that he was induced to plead guilty by his federal trial attorney; however, there is no mention of any state charge in his instant plea agreement or in the transcript of the Change of Plea Hearing. Moreover, the Petitioner's federal trial attorney advises, by affidavit, that the allegation is false.

(3) The BOP considered the Petitioner's request for prior custody credit for time spent on the state sentence, but declined it because "the federal sentencing court was contacted for a statement concerning its position on a retroactive designation . . . [but] did not respond."

(4) The petition is untimely. The Petitioner's motion does not fall under equitable tolling because the dismissal of the motion would not result in "gross injustice" as required under law.

IV. <u>ANALYSIS</u>

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas orpus motion. 28 U.S.C. § 2255.[2] The limitation period shall run from the latest of the following:

(1) The date on which the judgment of conviction becomes final;

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir.), <u>cert. denied</u>, 523 U.S. 371 (1998).

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, both parties agree that the Petitioner's § 2255 petition was after the one year period of imitation had expired. However, the Petitioner argues that his petition falls under § 2255(f)(4), an exception to the standard one-year period of limitation commonly referred to as "equitable tolling."

A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Specifically, the Fourth Circuit has created a test for "extraordinary circumstances" that "requires the petitioner to present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 251 (4th Cir. 2003). Reading the two cases together, this District Court has concluded that "in order to establish an entitlement to equitable tolling, a petitioner must show that (1) he has been *diligently* pursuing his rights and (2) some extraordinary condition external to his own conduct made timely filing

impossible if he is to benefit from the doctrine of equitable tolling." Van Horn v. Ballard, 2010 WL 5872405 (N.D.W.Va., Aug. 27, 2010) (emphasis added).

In United States v. Jackson, 470 F. App'x 324 (5th Cir. 2012), a petitioner was similarly sentenced in federal court and then later sentenced in state court for another charge. And similarly to the facts presented in this case, the state court ordered that his state sentence run concurrently with his federal sentence. Likewise, the petitioner served time in state prison until paroled and was immediately sent to federal prison to begin his federal sentence. Upon learning he would not receive credit for the time he spent in state custody, the petitioner filed a § 2255 suit claiming his previous attorney advised him that, at worst, his state and federal sentences would run concurrently if he were to plead. Like the petitioner in Jackson, the Petitioner in this case argues for equitable tolling based on similar circumstances.

In Jackson, the Fifth Circuit held that the petitioner could have easily discovered that his sentences would run consecutively, therefore the petitioner had not been diligently pursuing his rights, thus equitable tolling did not apply. Here, the undersigned reaches the same conclusion. In his affidavit, the Petitioner claims that he expected to be sent to federal prison yet was surprisingly sent to state prison. (Doc. 1-5, p. 4) The Petitioner claims his attorney insisted this would not create any problems, and the federal and state sentences were still running concurrently. Id. However, in a sworn affidavit, his federal attorney testifies that "[He] at no time represented to Mr. Shipley what he would or would not receive on any State case." (Doc. 89-1, p. 2) Puzzlingly, the Petitioner claims his federal attorney counseled him that his state and federal sentences would run concurrently. Yet, the Petitioner had yet to be sentenced in state court and his federal sentence made no mention of concurrent or consecutive

7

sentencing. In this Circuit, the plain language of 18 U.S.C. § 3584(a) does not allow a district court to decide whether a federal sentence will be consecutive or concurrent to a state sentence that has yet been imposed. See United States v. Smith, 472 F.3d 222, 226 (4th Cir. 2006). Thus, the Petitioner's federal sentence is presumptively consecutive unless the Attorney General designates a state facility for service of that sentence.

Other than the allegation that the Petitioner's attorney informed him that the state sentence was still running concurrently with his federal sentence, the Petitioner made no further inquiries. Furthermore, the Petitioner claims he was informed that he was not receiving credit for his federal sentence in state court as early as December 12, 2010. (Doc. 1-5, p. 4) The Petitioner did not submit a § 2255 petition until over a year later. Based on the information, the Petitioner did not diligently pursue his rights to the extent to justify equitable tolling.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's § 2255 motion (Doc. 68) be denied and dismissed as untimely. Furthermore, the undersigned recommends that Petitioner's Motions for an Evidentiary Hearing (Doc. 69, 93) and Motion to Proceed in Forma Pauperis (Doc. 70) be dismissed as moot.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such

Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: September 17, 2012

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE