# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### ELKINS

**THOMAS RAY SHIPLEY,**

    **Petitioner,**

**v.**                                                  **Civil Action No. 2:11-CV-105**
                                                    **Criminal Action No. 2:09-CR-4**

**UNITED STATES OF AMERICA,**        **(Bailey)**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge John S. Kaull [Civ. Doc. 8; Cr. Doc. 95]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on September 17, 2012 [Civ. Doc. 8; Cr. Doc. 95]. In that filing, the magistrate judge recommended that this Court deny and dismiss as untimely the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Cr. Doc. 68]. In addition, the magistrate judge recommended that this Court deny and dismiss as moot the petitioner's Motions for an Evidentiary Hearing [Cr. Doc. 69 and Cr. Doc. 93] and Motion to Proceed in Forma Pauperis [Cr. Doc. 70].

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service was accepted on September 24, 2012 [Civ. Doc. 9; Cr. Doc. 96], and petitioner timely filed his objections on October 1, 2012 [Cr. Doc. 97]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

On January 30, 2009, the petitioner was arrested and placed into custody by the State of West Virginia [Civ. Doc. 1-5 at 2; Cr. Doc. 68-5 at 2]. A few weeks later, the petitioner was indicted on federal methamphetamine charges on February 19, 2009 [Cr. Doc. 1]. The petitioner entered a guilty plea [Cr. Docs. 45 and 46] with regard to the conspiracy to possess chemicals and equipment used to manufacture methamphetamine under Count One of the Indictment on April 30, 2009. The petitioner was sentenced by this Court on August 14, 2009 [Cr. Doc. 59]. The petitioner was sentenced to a sixty-three month term of imprisonment, to be followed by a three-year term of supervised release [*Id.* at 2-3]. This Court entered an Amended Judgment Order [Cr. Doc. 63] on August 25,

2009; however, this Amended Order changed neither the term of imprisonment nor the term of supervised release [*Id.*].

A few weeks after being sentenced in federal court, the petitioner entered a plea agreement regarding his state charges in the Circuit Court of Upshur County, West Virginia, on August 25, 2009 [Civ. Doc. 1-2 at 1; Cr. Doc. 68-2 at 1]. The Circuit Court of Upshur County sentenced the petitioner to one to five years of imprisonment [*Id.* at 3]. In addition, in its Amended Plea and Sentencing Order [Civ. Doc. 1-2; Doc. 68-2], the Circuit Court of Upshur County stated the following:

> It is further ADJUDGED and ORDERED that the conviction date shall be August 25, 2009, the sentence date shall be August 25, 2009, and the effective date shall be January 31, 2009, thereby awarding credit for 206 days served at Tygart Valley Regional Jail on state charges.
>
> It is further ADJUDGED and ORDERED that the sentence on the [petitioner's] conviction hereinabove imposed shall run concurrently with the sentence he is currently serving for his conviction on federal charges in the United States District Court - Northern District of West Virginia.
>
> . . . It is further ADJUDGED and ORDERED that the [petitioner] be and he is remanded to the custody of the Sheriff of Upshur County to return the [petitioner] to federal custody, to serve the federal sentence previously imposed upon him.

[*Id.* at 4-5].

After entering his guilty plea and receiving his sentence in the Circuit Court of Upshur County, the petitioner remained in West Virginia state custody until paroled on July

28, 2010 [Civ. Doc. 1-5 at 4; Cr. Doc. 1-5 at 4]. After being paroled, the petitioner was transferred to FCI Elkton on September 9, 2010 [*Id.*]. In December 2010, the petitioner was informed that he would not receive credit towards his federal sentence for his state sentence [*Id.*].

On December 27, 2011, the petitioner filed the pending Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Civ. Doc. 1; Cr. Doc. 68]. On the same day, the petitioner also filed a Motion for an Evidentiary Hearing [Cr. Doc. 69] and a Motion to Proceed In Forma Pauperis [Cr. Doc. 70]. On March 1, 2012, Magistrate Judge Kaull noted that, although the petition was untimely, the petitioner appeared to argue for equitable tolling [Civ. Doc. 5 at 1, n.1; Cr. Doc. 74 at 1, n.1]. Magistrate Judge Kaull ordered the respondent to file an answer to the petition [*Id.* at 1]. After receiving two extensions by which to file an answer [Cr. Doc. 77; Cr. Doc. 80], the Government filed its Objection to Motion Under 28 U.S.C. § 2255 [Cr. Doc. 84] and Memorandum in support thereof [Cr. Doc. 85] on May 15, 2012. The Government was directed to file a supplemental answer [Cr. Doc. 86], which was filed [Civ. Doc. 7; Cr. Docs. 88 and 89] by the Government on June 1, 2012. The petitioner filed his Reply [Cr. Doc. 92] in support of his petition on June 28, 2012. The petitioner also reiterated his request for an evidentiary hearing [Cr. Doc. 93 at 6]. The magistrate judge entered his R&R [Civ. Doc. 8; Cr. Doc. 95] on September 17, 2012.

### III. Applicable Law

A. Section 2255 One-Year Statute of Limitation

Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitation. *See* 28 U.S.C. § 2255(f). The one-year time frame is measured from the latest

4

of the following dates:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Section 2255(f)(4) is often referred to a "equitable tolling."

## B. Equitable Tolling

The Supreme Court of the United States has found that a habeas corpus petitioner is entitled to equitable tolling only where that petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." ***Holland v. Florida***, 130 S.Ct. 2549, 2553 (2010) (quoting ***Pace v. DiGugielmo***, 544 U.S. 408, 418 (2005)). The Fourth Circuit Court of Appeals ("Fourth Circuit") has held that the "extraordinary circumstances" test "requires the petitioner to present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." ***Rouse v. Lee***, 339 F.3d 238, 251 (4th Cir. 2003) (citing ***Harris v. Hutchinson***, 209 F.3d 325, 330 (4th Cir. 2000)). Accordingly, to be entitled to equitable tolling, a petitioner must show that he has been

diligently pursuing his rights and that some extraordinary and external condition made timely filing impossible.

## IV. Discussion

Petitioner objects to the Magistrate Judge's R&R conclusion that the § 2255 Motion to Vacate, Set Aside, or Correct Sentence was not timely filed.

### A. Timeliness of the Petition

In the R&R, the magistrate judge cites to a Fifth Circuit Court of Appeals ("Fifth Circuit") decision[1] to support his conclusion that the petitioner had not been diligently pursuing his rights, thereby precluding equitable tolling [Civ. Doc. 8 at 7-8; Cr. Doc. 95 at 7-8]. The petitioner argues that the magistrate judge's reliance upon this case was in error because the case "is not binding precedent in this Circuit" and that case is factually distinguishable from his case [Cr. Doc. 97 at 1-2]. However, this Court notes numerous similarities between the two cases.

In both cases, the defendants faced federal and state charges. Each defendant entered a plea agreement and received his sentence in federal court prior to entering a plea with and receiving a sentence from the state court. *See **Jackson***, 470 Fed.Appx. at 325-26. The district courts did not state whether any future state sentence would be served concurrently with the impending state sentence. *See id.* The state courts ordered that the state sentences be served concurrently with the federal sentences. *See id.* at 326. Each defendant was placed first in state custody and then transferred to federal custody at the end of his state sentence. *See id.* After being placed in federal custody, each defendant

---

[1]***United States v. Jackson***, 470 Fed.Appx. 324 (5th Cir. 2012).

requested credit for the time served in state custody. *See id.*

In *Jackson*, after being placed in the custody of the Bureau of Prisons ("BOP") and being informed that he would not receive credit for his state sentence in December 2008, the defendant received a computed release date from the BOP on May 6, 2009. 470 Fed.Appx. at 326. Jackson then filed a section 2255 petition on November 30, 2009. *Id.* In his petition, Jackson argued, *inter alia*, that he relied upon his attorney's representation that "'the worst thing that would happen' was that the state and federal sentences would be concurrent" when he entered his guilty plea in federal court. *Id.* Jackson argued that his petition was timely because he filed it within one year of discovering that he would not receive credit on his federal sentence for time served on his state sentence. *Id.*

The petitioner's case closely mirrors the facts in *Jackson*. Here, the petitioner learned that he would not receive credit for his state sentence when he was delivered to the custody of the BOP in December 2010. The petitioner states that he received the final BOP determination regarding his federal sentence in July 2011 and then filed his section 2255 petition with this Court in December 2011. As such, the petitioner argues that his petition was timely and that he is entitled to equitable tolling because he filed his petition within one year of receiving the final BOP determination.[2]

---

[2]The petitioner in this case makes very similar arguments to those made by Jackson. The petitioner in this case states that he relied upon his attorney's advice that the federal sentence and any future state sentence would run concurrently. The petitioner attempts to distinguish the two cases in his objections to the R&R by arguing that he "was entitled to rely not only on the advice of his federal attorney, but also on the mandate of the state Judgement [*sic*]" [Cr. Doc. 97 at 2]. However, this Court notes that the *Jackson* case also involved a state ruling that the state sentence and the previously-imposed federal sentence were concurrent. *See Jackson*, 470 Fed.Appx. at 326. Accordingly, as noted above, this is actually another similarity between the two cases and not a way to distinguish the cases.

7

In ***Jackson***, the Fifth Circuit upheld the district court's determination that the petition was untimely. 470 Fed.Appx. at 327. The Fifth Circuit found that Jackson "failed to exercise due diligence in discovering the facts underlying his claim." ***Id.*** at 328. The Fifth Circuit noted that it was not sufficient for Jackson to state that he had no reason to question his attorney's advice until December 2008, particularly given his reference in his section 2255 petition to nagging concerns during his state sentence that his federal sentence was not running concurrently to his state sentence and the presumption under 18 U.S.C. § 3584(a) that sentences run consecutively unless specifically stated otherwise. ***Id.***

Although the petitioner is correct in stating that ***Jackson*** is not binding precedent in this case, this Court disagrees with the petitioner's assessment of the cases as distinguishable. Because this Court finds these cases to be similar, this Court considers the ***Jackson*** decision to be extremely relevant and persuasive to its ruling in this case. Similar to ***Jackson***, the petitioner in this case could have discovered whether his concerns regarding credit for time served on his state sentence were founded at earlier time if he had exercised due diligence. As such, this Court finds that the magistrate judge's conclusion that the petition was not timely filed should be AFFIRMED, and the petitioner's objection on this issue is hereby OVERRULED.

---

The petitioner also attempts to distinguish his case from ***Jackson*** by stating that he "was not subject to any federal statute that mandated consecutive sentences" [Doc. 97 at 2]. However, this Court finds that the petitioner could still have discovered the fact that he would not receive credit towards his federal sentence for the time served on his state sentence at an earlier time if he had been exercising due diligence, particularly given his concerns upon being placed in state prison.

8

B. Equitable Tolling

The petitioner objects to the magistrate judge's conclusion [Civ. Doc. 8 at 7; Cr. Doc. 95 at 7] that equitable tolling is not applicable here because the petitioner was not diligently pursuing his rights [Cr. Doc. 97 at 2]. The petitioner argues that equitable tolling is appropriate because he filed his section 2255 petition within one year of exhausting his administrative remedies on the issue of his sentence [*Id.*]. The petitioner states that the BOP did not calculate his sentence until he was delivered to the custody of the BOP on December 12, 2010 [*Id.*]. The petitioner argues that the BOP's December 12, 2010, decision to not credit his sentence with time from his state sentence did not become final until all administrative remedies on the issue were exhausted [*Id.*, referring to the July 21, 2011, BOP Central Office's denial of his final level of appeal]. As such, the petitioner argues that he was diligently pursuing his rights because, "short of an act of pure clairvoyance," there was no way for him to anticipate that he would not receive credit towards his federal sentence for time served under his state sentence [*Id.*]

In *Jackson*, the Fifth Circuit held that Jackson was not entitled to equitable tolling because he "did not 'pursue his rights diligently.'" 470 Fed.Appx. at 330. The Fifth Circuit based this decision in part upon the reference in the defendant's petition to nagging concerns during his state sentence that he would not receive credit towards his federal sentence for that state sentence. In addition, the Fifth Circuit noted the presumption under 18 U.S.C. § 3584(a) that sentences run consecutively unless specifically noted otherwise.

In this case, the petitioner states that "[a]fter entering my state plea, instead of heading off to federal prison as [he] expected, [he] was sent to West Virginia state prison" [Civ. Doc. 1-5 at 4; Cr. Doc. 68-5 at 4]. This argument closely parallels the argument in

9

*Jackson* pertaining to nagging concerns. The petitioner in this case specifically states that the was expecting to be returned to federal custody and was surprised to be sent to West Virginia state prison [Civ. Doc. 1-5 at 4; Cr. Doc. 68-5 at 4]. The petitioner claims that his federal attorney informed him that this placement in state prison "would not create any problems and that [he'd] get credit for the time [served in state prison]" [*Id.*]. However, in a sworn affidavit, his federal attorney states that he was contacted by the petitioner approximately one month after being sentenced in his federal case, who "stat[ed] that the [BOP] was refusing to recognize his new State concurrent sentence as being concurrent with his Federal sentence" [Cr. Doc. 89-1 at 1]. His federal attorney further states that "[he] at no time represented to Mr. Shipley what he would or would not receive on any State case" [*Id.* at 2]. Furthermore, despite expressing concerns with his placement in state prison in February 2010, the petitioner did not make any other inquiries regarding credit for time served under his state sentence towards his federal sentence until he was placed in federal custody in December 2010 [*See* Civ. Doc. 1-5; Cr. Doc. 68-5].

Moreover, as noted by both the Fifth Circuit in ***Jackson*** and the magistrate judge in his R&R, there is a presumption under section 3584(a) that sentences run consecutively unless specifically noted otherwise.³ As such, the petitioner could have discovered the

---

³18 U.S.C. § 3584(a) states the following:
If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is impose don a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court order or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the*

10

issue concerning credit on his federal sentence for time served on his state sentence if he had been diligently pursuing his rights. Furthermore, the petitioner has not established any external extraordinary circumstances that stood in his way and prevented timely filing. For the foregoing reasons, this Court agrees with the magistrate judge's conclusion that the petitioner did not diligently pursue his rights. Accordingly, this Court finds that the magistrate judge's conclusion that the petitioner was not entitled to equitable tolling should be AFFIRMED, and the petitioner's objection on this issue is hereby OVERRULED.

### C. BOP Authority Regarding Concurrent or Consecutive Sentences

The petitioner argues that the magistrate judge's conclusion violates a recent decision by the Supreme Court of the United States because it permits the BOP to essentially choose between concurrent and consecutive sentences [Cr. Doc. 97 at 3, referring to *Setser v. United States*, 132 S.Ct. 1463 (2012)]. However, this Court disagrees with the petitioner's assessment. The district court has the discretion to order that a defendant's sentence run consecutively to an anticipated state sentence. *See Setser*, 132 S.Ct. 1463, 1468, 1473 (2012). As previously noted by this Court, there is a presumption under section 3584(a) that sentences run consecutively unless specifically noted otherwise. Because the petitioner's federal sentence was not specifically listed as running concurrently with an anticipated state sentence [Cr. Doc. 59 at 2; Cr. Doc. 63 at 2], this Court exercised its discretion to impose a federal sentence that would run consecutively with the any anticipated state sentence. Moreover, although the state court ordered that the petitioner's state sentence "run concurrently with the sentence he is

---

*terms are to run concurrently.*
*Id.* (emphasis added).

11

currently serving for his conviction on federal charges in the United States District Court - Northern District of West Virginia," the petitioner was not yet serving any federal sentence.[4] As such, this Court disagrees that the magistrate judge's conclusion provides the BOP with the ability to essentially choose between concurrent and consecutive sentences because the BOP is calculating the petitioner's sentence as ordered by this Court. Accordingly, this Court hereby OVERRULES the petitioner's objection on this issue.

### V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 8; Cr. Doc. 95]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Cr. Doc. 97]** are **OVERRULED**. Accordingly, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 **[Civ. Doc. 1; Cr. Doc. 68]** is **DENIED** and **DISMISSED as untimely**. In addition, the petitioner's Motions for an Evidentiary Hearing **[Cr. Doc. 69 and Cr. Doc. 93]** and Motion to Proceed in Forma Pauperis **[Cr. Doc. 70]** are

---

[4] A federal sentence of imprisonment generally commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the [BOP] agrees to designate the state facility for service of the federal sentence." **United States v. Evans**, 159 F.3d 908, 911-12 (4th Cir. 1998) (citing **Barden v. Keohane**, 921 F.2d 476, 481-82 (3d Cir. 1990); and 18 U.S.C. § 3621(b)). No such designation was made in this case. As such, the petitioner's federal sentence did not begin until he was delivered to the custody of the BOP following the completion of his state sentence.

12

hereby **DENIED and DISMISSED as moot**. As such, this case is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent. As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 25, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE